IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Cassandra C. Adams, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 0:15-4356-TLW |
| | ) |
| Excel, Inc., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ORDER**

The Plaintiff, Cassandra C. Adams ("Plaintiff"), filed this action against her employer, Defendant Excel, Inc. ("Defendant"), alleging claims of age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"). Defendant filed a Motion for Summary Judgment on August 1, 2016. ECF No. 23. Plaintiff filed a response in opposition, ECF Nos. 25, 27, to which Defendant replied on August 22, 2016, ECF No. 26.

This matter is now before the Court for review of the Report and Recommendation ("the Report") filed on January 13, 2016 by United States Magistrate Judge Paige J. Gossett, to whom this case was assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.). ECF No. 35.  In the Report, the Magistrate Judge recommends that this Court grant Defendant's motion for summary judgment and dismiss this case. *Id*. Plaintiff filed timely objections to the Report on January 27, 2016. ECF No. 36. The matter is now ripe for disposition.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to

> those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

This Court has carefully reviewed the Report and Plaintiff's objections thereto in accordance with the standard set forth in *Wallace*, and concludes that the Magistrate Judge accurately summarizes the case and the applicable law. In response to Plaintiff's objections, this Court concludes the Magistrate Judge did not weigh evidence. The Report simply outlines and discusses the evidence of record in analyzing the issues raised. The Magistrate Judge notes she discusses only "facts [that] are either undisputed or are viewed in the light most favorable to [Plaintiff] Adams." ECF No. 35. As the Report properly concludes, Plaintiff has not met its burden to demonstrate that the Defendant's valid, non-discriminatory reasons for promoting other employees are pretext for discrimination. Accordingly, after careful consideration, it is hereby **ORDERED** that the Report and Recommendation, ECF No. 35, is **ACCEPTED** and Plaintiff's objections thereto, ECF No. 36, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, Defendant's motion for summary judgment is **GRANTED**, ECF No. 23, and this case is dismissed.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Chief United States District Judge

February 24, 2017
Columbia, South Carolina